VENABLE LLP
Sarah S. Brooks (SBN 266292)
2049 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

John D. Carlin (admitted *pro hac vice*)
1290 Avenue of the Americas. 20th Floor
New York, NY 10104
Telephone: (212) 218-2210
Facsimile: (212) 218-2200

Jason M. Dorsky (admitted *pro hac vice*)
600 Massachusetts Ave., NW
Washington, DC 20001
Telephone: (202) 721-5435
Facsimile: (202) 344-8300

*Attorneys for Defendant*
*Signify North America Corporation*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAO LIGHTING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SIGNIFY NORTH AMERICA CORPORATION (F/K/A PHILIPS LIGHTING NORTH AMERICA CORPORATION)<br><br>Defendant. | Case No.: 2:21-cv-08972-AB-SP<br><br>**NOTICE OF DEFENDANT SIGNIFY NORTH AMERICA CORP.'S *EX PARTE* MOTION TO STAY LITIGATION PENDING RESOLUTION OF ITS MOTION TO STAY LITIGATION BASED ON *INTER PARTES* REVIEW OF THE PATENT-IN-SUIT; MEMORANDUM AND POINTS OF AUTHORITIES**<br><br>Judge: Hon. Judge André Birotte Jr.<br>Date:  Ex Parte<br>Time:  Ex Parte<br><br>[Proposed] Order filed concurrently herewith. |

**TO ALL THE PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** Defendant Signify North America Corporation ("Signify") hereby respectfully moves this Court for *ex parte* relief under Local Rule 7-19 in the form of a temporary stay of CAO Lighting, Inc.'s ("CAO") lawsuit until the Court rules on Signify's more comprehensive Motion to Stay Litigation Pending *Inter Partes* Review ("IPR") of the Patent-in-Suit ("IPR Stay Motion").

Good cause exists to grant this request because:

1. All asserted claims of the patent-in-suit in this lawsuit are currently the subject of an instituted *Inter Partes* Review proceeding at the USPTO.

2. Defendants in related lawsuits involving the patent-in-suit (including Signify) have filed additional IPR petitions challenging the validity of claims in the patent-in-suit, including all asserted claims in this lawsuit. Signify filed two IPR petitions on November 18, 2022.

3. Signify diligently sought CAO's position on a stay of this lawsuit pending resolution of the IPR proceedings, including based on the instituted IPR proceeding and Signify's recently-filed IPR petitions. CAO stated that it will not agree to any stay of this lawsuit in view of the IPR proceedings.

4. Signify has filed an IPR Stay Motion seeking to stay this lawsuit pending resolution of the IPR proceedings. CAO stated that it will not agree to any interim stay of this lawsuit pending adjudication of Signify's IPR Stay Motion.

5. Absent an immediate stay of the proceedings, the parties will likely expend significant resources unnecessarily to meet case deadlines that fall during the period in which the Court will be considering and ruling upon the IPR Stay Motion.

6. The patent-in-suit has already expired, and therefore CAO's recovery is limited to past damages and any delay associated with an immediate stay will not result in prejudice to CAO.

Accordingly, good cause and exceptional circumstances exist for the relief requested in this Motion.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities set forth below, the pleadings on file herein and upon such other matters as may be presented to the Court at the time of the hearing. It is filed following a good faith in-person conference of counsel held on Tuesday, November 15, 2022 pursuant to L.R. 7-3, and following the receipt of correspondence from counsel for CAO received November 18, 2022, in which Plaintiff stated that it does not consent to Signify's relief requested in this motion.

Pursuant to L.R. 7-19, in connection with this Motion, Signify corresponded with the following counsel of record for CAO from the law firm Barnes and Thornburg LLP:

Heather B. Repicky
Telephone: (617) 316-5317
Email: heather.repicky@btlaw.com

Jeffrey C. Morgan
Telephone: (404) 264-4015
Email: jeff.morgan@btlaw.com

Roya Rahmanpour
Telephone: (310) 284-3880
Email: roya.rahmanpour@btlaw.com

Dated:  November 22, 2022           VENABLE LLP

By: /s/ Sarah S. Brooks
Sarah S. Brooks (SBN 266292)
John D. Carlin (admitted *pro hac vice*)
Jason M. Dorsky (admitted *pro hac vice*)
Sean M. McCarthy (admitted *pro hac vice*)

*Attorneys for Defendant*
*Signify North America Corporation*

DEFENDANT'S *EX PARTE* MOTION TO STAY LITIGATION

Defendant Signify North America Corporation ("Signify") respectfully seeks *ex parte* relief in the form of a temporary stay until the Court rules on its more comprehensive Motion to Stay Litigation Pending *Inter Partes* Review of the Patent-in-Suit (ECF No. 83, "IPR Stay Motion"). Signify understands that *ex parte* relief should only be requested in rare circumstances, but those circumstances are present here, as absent a stay the parties (and Signify in particular) will be required to expend significant resources unnecessarily to meet case deadlines that will likely become moot. *See* ECF No. 83-1, Ex. L, *Mophie, Inc. v. uNu Elecs., Inc.*, No. 8:13-cv-01705-CAS (JCFx), ECF No. 64 (C.D. Cal. Oct. 31, 2014) (granting emergency *ex parte* motion to stay litigation pending resolution of motion to stay litigation based on instituted *ex parte* reexamination of the patent-in-suit).

This Motion is made following several communications between counsel for the parties to discuss the relief sought by Signify. In a letter dated November 8, 2022, Signify informed CAO that it intended to move for a stay of this lawsuit pending resolution of the IPR proceedings, and asked whether CAO would agree to such a stay. *See* ECF No. 83-1, ¶ 14, Ex. F. On November 14, 2022, CAO sent Signify an email stating it would not oppose a motion to stay this case, but only if Signify would agree not to oppose a future motion by CAO to amend its infringement contentions, sight unseen. *See id.*, ¶ 15, Ex. G at 1. The parties conducted a telephonic conference pursuant to L.R. 7-3 on November 15, 2022, during which Signify declined CAO's counteroffer and again asked whether CAO would agree to a stay of the proceedings, including an interim extension of deadlines until the requested stay is addressed by the Court. *See id.*, ¶¶ 16-17. In follow-up correspondence, CAO stated that it would oppose Signify's IPR Stay Motion, and that it would not agree to any interim extension or stay of deadlines pending adjudication of Signify's motion. *See id.*, ¶ 18, Ex. H. Signify thereafter informed CAO that it would be filing this Motion on this date, and counsel for CAO further indicated that CAO intends to file an opposition to this Motion. *See id.*, ¶ 23.

On April 8, 2022, third parties WolfSpeed, Inc. and Ideal Industries Lighting, LLC d/b/a Cree Lighting (collectively, "Cree") filed a Petition for *Inter Partes* Review ("IPR") with the USPTO's Patent Trial and Appeal Board ("PTAB"), challenging the validity of certain claims from U.S. Patent No. 6,465,961 ("the '961 patent"), the patent-in-suit in this litigation. *See id.*, Ex. ¶ 5, Ex. A. Cree's IPR Petition seeks to invalidate 45 claims of the '961 patent, including all four claims that Plaintiff CAO Lighting, Inc. ("CAO") has asserted against Signify in its Infringement Contentions—specifically, claims 21, 36, 40 and 42 ("Asserted Claims"). *See id.* On October 19, 2022, the PTAB issued a Decision Granting Institution of *Inter Partes* Review ("Institution Decision"), and a Scheduling Order setting forth the events and due dates that will take place in the instituted IPR proceeding. *See id.*, ¶¶ 6-7, Exs. B, C. Following this, defendants in three related lawsuits[1] involving the '961 patent filed follow-on IPR Petitions asserting invalidity grounds that largely mirror Cree's IPR grounds, and motions to join the Cree IPR proceeding. *See id.*, ¶¶ 8-13, Exs. D, E.

CAO served its Infringement Contentions on September 9, 2022, in which it identified, for the first time, the four Asserted Claims from the '961 patent that it was asserting against Signify in this lawsuit. *See id.*, ¶ 2. Following this, on November 18, 2022, Signify filed two IPR Petitions with the PTAB, each of which challenge the validity of all Asserted Claims in this lawsuit, as well as several additional claims. Signify's Petitions advance grounds that are different from those asserted in the Cree IPR proceeding. *See id.*, ¶¶ 19-22, Exs. I, J, K.

Emergency consideration of this motion is appropriate here because, absent such immediate consideration, the parties will likely expend significant resources unnecessarily to meet case deadlines that fall during the period in which the Court will be considering and ruling upon the IPR Stay Motion. *See id.*, Ex. L at 1 (finding

---

[1] *CAO Lighting, Inc. v. GE Lighting, Inc. et al.*, No. 1:20-cv-00681-GBW (D. Del.), *CAO Lighting, Inc. v. OSRAM Sylvania, Inc. et al.*, No. 1:20-cv-00690-GBW (D. Del.), and *CAO Lighting, Inc. v. Feit Electric Company, Inc.*, No. 2:20-cv-04926-AB (SPx) (C.D. Cal.).

- 2 -
DEFENDANT'S *EX PARTE* MOTION TO STAY LITIGATION

it "appropriate to stay" upcoming case deadlines "at least until the Court has had an opportunity to consider the propriety of a longer stay"). Specifically, Signify's deadline to serve invalidity contentions in compliance with N.D. Cal. Patent Local Rule 3-3, and produce documents and information called for by N.D. Cal. Patent Local Rule 3-4, currently falls on December 16, 2022. *See* ECF No. 60; ECF No. 71. CAO has accused over 1,300 products in its Infringement Contentions, and compliance with this deadline will involve substantial efforts by Signify. Furthermore, the parties will be conducting claim construction discovery beginning in December, with the parties' Exchange of Proposed Terms pursuant to N.D. Cal. Patent Local Rule 4-1 currently due on December 21, 2022.

Signify diligently sought a stay leading up to and following the filing of its own IPR petitions on November 18, 2022, as those petitions are directly implicated by the requested stay. CAO's opposition to Signify's IPR Stay Motion will be due on December 2, 2022. *See* L.R. 7-9. Signify's reply will be due on December 9, 2022. *See* L.R. 7-10. Signify's deadline to comply with Patent Local Rules 3-3 and 3-4 will fall one week *before* the noticed hearing date of December 23, 2022. Further, the deadline for the parties to begin claim construction discovery is currently set for December 21, 2022—two days *before* the noticed hearing date on Signify's IPR Stay Motion. These efforts will become unnecessary if the Asserted Claims are found unpatentable during the IPR proceedings. Notably, the '961 patent has already expired, and therefore the Asserted Claims may not be amended to survive an invalidity ruling by the PTAB. Signify therefore requests *ex parte* relief.

Based on Signify's review and understanding of the standards applicable to its IPR Stay Motion (as applied by this Court and other courts), and in view of the relevant facts here, a comprehensive stay pending completion of the IPR proceeding is fully warranted in this case. If the Court agrees, and if the Patent Office cancels the claims asserted by CAO, all of the deadlines identified above, and the remaining case deadlines relating to CAO's infringement claims, will likely need to be revised

if not removed from the schedule. *See Weserve Drone, LLC v. SZ DJI Tech. Co., Ltd.*, No. 19-04382-AB (AFMx), 2020 WL 4373365 (C.D. Cal. Mar. 17, 2020) (Birotte, J.) (granting stay of claims pending institution and final resolution of IPR). CAO has not sought injunctive relief (nor can it, as its patent has already expired), and therefore a stay will not result in prejudice to CAO.

To avoid these potentially wasted resources, Signify respectfully requests that the Court stay the entire case pending resolution of Signify's IPR Stay Motion. If the Court denies Signify's IPR Stay Motion and this motion, Signify respectfully requests that Signify's deadline to comply with N.D. Cal. Patent Local Rules 3-3 and 3-4 be moved to fourteen (14) days after such orders, and the parties' deadline to exchange proposed claim terms pursuant to N.D. Cal. Patent Local Rule 4-1 be moved to seven (7) days after such order, if necessary. The parties could thereafter confer in good faith and submit a joint revised litigation schedule to address any further date modifications, to the extent necessary.

Dated:  November 22, 2022  VENABLE LLP

By: /s/ Sarah S. Brooks
Sarah S. Brooks (SBN 266292)
John D. Carlin (admitted *pro hac vice*)
Jason M. Dorsky (admitted *pro hac vice*)
Sean M. McCarthy (admitted *pro hac vice*)

*Attorneys for Defendant*
*Signify North America Corporation*