```
Seth A. Gold (SBN 163220)
Seth.Gold@btlaw.com
Roya Rahmanpour (SBN 285076)
Roya.Rahmanpour@btlaw.com
```
**BARNES & THORNBURG LLP**
```
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone:  (310) 284-3880
Facsimile:  (310) 284-3894

Todd G. Vare (Admitted pro hac vice)
Todd.Vare@btlaw.com
Paul B. Hunt (Admitted pro hac vice)
Paul.Hunt@btlaw.com
Jeffrey M. Barron (admitted pro hac vice)
Jeff.Barron@btlaw.com
```
**BARNES & THORNBURG LLP**
```
11 S. Meridian Street
Indianapolis, IN 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
```

*Attorneys for Plaintiff*
*CAO Lighting, Inc.*

*(additional counsel listed on following page)*

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAO LIGHTING, INC., | Case No.: 2: 21-cv-08972-AB-SP |
| Plaintiff, | **DECLARATION OF JEFFREY C. MORGAN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S *EX PARTE* MOTION TO STAY** |
| v. | |
| SIGNIFY NORTH AMERICA CORPORATION (F/K/A/ PHILIPS LIGHTING NORTH AMERICA CORPORATION), | Date:      Ex Parte<br>Time:      Ex Parte<br>Judge:     Hon. Andre Birotte, Jr. |
| Defendant. | |

**DECLARATION OF JEFFREY C. MORGAN**

Ronald E. Cahill (*Admitted pro hac vice*)
Ronald.Cahill@btlaw.com
Heather B. Repicky (*Admitted pro hac vice*)
Heather.Repicky@btlaw.com
**BARNES & THORNBURG LLP**
One Marina Park Drive, Suite 1530
Boston, MA 02210
Telephone: (617) 316-5312
Facsimile: (617) 316-5311
Attorneys for Plaintiff CAO Lighting, Inc.

Jeffrey C. Morgan (*Admitted pro hac vice*)
Jeff.Morgan@btlaw.com
**BARNES & THORNBURG LLP**
3475 Piedmont Road, N.E., Suite 1700
Atlanta, GA 30305
Telephone: (404) 264-4015
Facsimile: (404) 264-4033

Megan M. New (*Admitted pro hac vice*)
Megan.New@btlaw.com
Adam M. Kaufmann (*Admitted pro hac vice*)
Adam.Kaufmann@btlaw.com
**BARNES & THORNBURG LLP**
One North Wacker Drive, Suite 4400
Chicago, IL 60606
Telephone: (312) 357-1313
Facsimile: (312) 759-5646

*Additional Attorneys for Plaintiff CAO Lighting, Inc.*

I, Jeffrey C. Morgan, declare as follows:

1. I am an attorney at the law firm of Barnes & Thornburg LLP and licensed to practice law in the State of Georgia, the Commonwealth of Massachusetts, and *pro hac vice* before this Court. I am co-counsel of record for Plaintiff CAO Lighting, Inc. ("Plaintiff" or "CAO Lighting") in the above-captioned case. I submit this declaration in support of Plaintiff's Opposition to Defendant Signify North America Corporation's ("Signify") *Ex Parte* Motion to Stay Litigation Based on *Inter Partes* Review of the Patent-in-Suit (Dkt. No. 84). I have personal knowledge of the facts set forth in this declaration and if called as a witness, could and would testify competently thereto.

2. In June 2022, the Court set the applicable deadlines in this case, including the deadlines for disclosures under the N.D. Cal. Patent Local Rules. [Dkts. 59 & 60.]

3. On June 20, 2022, CAO Lighting first served requests for production of documents (1st RFPs) and interrogatories (1st Interrogatories) seeking documents and information—including copies of Signify catalogues advertising the Accused Products (*i.e.* "non-technical documents") and the production of technical documents relating to the Accused Products.

4. Attached hereto as **Exhibit 1** is a true and correct copy of CAO Lighting's First Request for Production of Documents dated June 20, 2022 ("1st RFPs").

5. Attached hereto as **Exhibit 2** is a true and correct copy of CAO Lighting's First Set of Interrogatories dated June 20, 2022 ("1st Interrogatories").

6. Attached hereto as **Exhibit 3** is a true and correct copy of Signify's Objections to CAO Lighting's First Request for Production of Documents dated July 20, 2022 ("Signify's Objections to 1st RFPs").

7. Signify objected to the 1st RFPs and 1st Interrogatories on July 20, 2022. In its objections to Signify's 1st RFPs, Signify repeatedly represented that it would: "comply with its obligations under N.D. Cal. PLR 3-4(a), and will thereafter conduct a reasonable search of locations where responsive documents are likely to exist, and

produce relevant, representative, non-privileged documents in its possession, custody, or control….." See **Exhibit 3**, *passim*.

8. Attached hereto as **Exhibit 4** is a true and correct copy of a Letter from Jason Dorsky dated August 2, 2022 ("8/2/22 Dorsky Letter").

9. A series of meet and confers occurred after Signify served its Objections. During that process, Signify represented that, with respect to "responsive non-technical documents that do not fall within the scope of PLR 3-4(a), [it] will not purposefully withhold the production of such documents until the December [16], 2022 deadline for compliance with PLR 3-4(a). See Exhibit 4 (8/2/22 Dorsky Letter) at 2.

10. Regarding "technical documents" falling within the ambit of PLR 3-4(a), Signify represented that it would comply with its PLR 3-4 production of technical documents, and after receiving CAO Lighting's infringement contentions, would also "conduct a reasonable search for documents responsive to CAO's Discovery Requests as indicated in its objections and responses to those Discovery Requests." Exhibit 4 (8/2/22 Dorsky Letter) at 2.

11. CAO Lighting noted that Signify's representations were couched in qualifying language, purportedly granting to itself the sole right to withhold technical documents at its discretion if, for example, it was not subjectively satisfied with CAO Lighting's infringement contentions and, further, pursuant to its "objections" to CAO Lighting's 1st RFPs and 1st Interrogatories. See Exhibit 4 (8/2/22 Dorsky Letter) at 2. Given Signify's stonewalling, CAO Lighting moved to compel the production of documents and the answering of interrogatories. [*See* Dkt. No. 66.]

12. In opposing CAO Lighting's motion to compel, Signify argued that its production of technical (and other) documents was premature. Although Signify conceded that it would have to produce "documentation sufficient to show the operation of any aspects of elements of **an Accused Instrumentality**," in addition to other documents as part of its PLR 3-4 document production, it argued it need not to so until "***after*** the plaintiff has complied with the requirements of PLR 3-1 and 3-2…." (*i.e.*, not

2
**DECLARATION OF JEFFREY C. MORGAN**

until after CAO Lighting serves its PLR 3-1 infringement contentions. [*See* Dkt. No. 66-1, at 18-19 (original emphasis); *see also id*. at 23 (where Signify admitted that: "PLR 3-4 provides the timeframe for Signify[]'s disclosure of certain information following service of CAO Lighting's Infringement Contentions.")].

13. Signify also repeatedly represented to the Court that it "will comply with PLR 3-4 by the deadline set forth in the Scheduling Order," it will "amend and/or supplement its interrogatory responses as necessary or warranted pursuant to Fed. R. Civ. P. 26(e)," and, "after receiving CAO Lighting's Infringement Contentions, … will conduct a diligent search for any information sought in the RFPs concerning properly identified Accused Instrumentalities that is not subject to PLR 3-4, and produce non-privileged, responsive documents that are in its possession, custody or control." [Dkt. No. 66-1, at 42, 47, 56-57, 67, 78.]

14. Indeed, in a sworn declaration, Signify's counsel represented that, not only would Signify comply with its PLR 3-4 disclosure obligations—including the production of technical documents—by the deadline, Signify would also, for "documents that were responsive to CAO Lighting's discovery requests concerning 'Accused Products' but were not the subject of PLR 3-4, following service of Plaintiff's Infringement Contentions, [Signify] would diligently search for such documents or information, and would not intentionally withhold such documents or information until its deadline to comply with PLR 3-4." [Dkt. No. 66-15 (Dorsky Declaration), at ¶ 13.] In other words, Signify represented to the Court that it would begin searching for documents promptly after receiving CAO Lighting's infringement contentions, and would begin producing responsive documents even before its PLR 3-4 deadline to do so.

15. On August 29, 2022, the parties filed a joint stipulation to move the deadline for the disclosure of infringement contentions and invalidity contentions under the N.D. Cal. PLR. [Dkt. 68.] The Court approved those deadlines on August 30, 2022.

[Dkt. 71.] The deadlines set by the Court in late August are the operative deadlines now.

16. CAO Lighting served its infringement contentions pursuant to those deadlines on September 9, 2022.

17. Attached hereto as **Exhibit 5** is a true and correct copy of CAO Lighting's Infringement Contentions dated September 9, 2022.

18. Although the Court denied CAO Lighting's motion to compel [Dkt. No. 76], it specifically noted that CAO Lighting's documents requests and interrogatories "call for technical information and other data concerning the Accused Products—the very information [Signify] will be required to produce by PLR 3-4, albeit limited to the Accused Instrumentalities actually defined by [CAO Lighting]." [Dkt, No. 76, at 6].

19. Magistrate Pym also noted that, by the time of her order, CAO Lighting had already served its infringement contentions. [Dkt. No. 76, at 7.] Thus, Magistrate Judge Pym "encourage[d] the parties to meet and confer regarding the timeline on which defendant will produce discovery regarding the identified products." [Dkt. No. 76, at 7.] The clear implication of Magistrate Judge Pym's direction for the parties to meet and confer was to determine what documents Signify would be willing and able to produce before Signify's PLR 3-4 deadline—given that Signify would be obligated to produce technical documents at least by the PLR deadline.

20. Accordingly, on October 4, 2022, CAO Lighting requested a meet and confer with Signify to discuss a rolling production of Signify technical and other documents, pursuant to Magistrate Judge Pym's order to do so.

21. Attached hereto as **Exhibit 6** is a true and correct copy of an email thread between counsel for CAO Lighting and counsel for Signify dated October 4, 2022 through October 18, 2022.

22. After a frustrating series of emails spanning two weeks, in which Signify alternatively deflected and denied any obligation to discuss a rolling production, Signify once again stated that it would produce technical and non-technical documents by its

PLR 3-4 deadline of December 16, 2022.  But Signify flatly refused to even consider producing any such documents prior to that date—despite Magistrate Judge Pym's statements in her September 22, 2022 Order to meet and confer.  *See* Exhibit 6.  [*See also* Dkt. No. 76, at 7.]

23. Despite Signify's refusal to engage in discovery, CAO Lighting has produced documents in response to Signify's eight-nine Rule 34 Requests.

24. Attached hereto as **Exhibit 7** is a true and correct copy of Defendant Signify North America Corporation's First Set of Requests for Production (Nos. 1–89) dated June 21, 2022.

25. In particular, to date, CAO Lighting has produced nearly 4,000 documents.

26. On October 25, 2022—almost 7 weeks after receiving CAO Lighting's Infringement Contentions, Signify manufactured a dispute with respect to those contentions and requested a meet and confer.

27. Attached hereto as **Exhibit 8** is a true and correct copy of an email thread between counsel for CAO Lighting and counsel for Signify, dated October 25, 2022 through October 31, 2022.

28. Attached hereto as **Exhibit 9** is a true and correct copy of a Letter from Jason Dorsky, dated November 8, 2022 ("11/8/22 Dorsky Letter").

29. Signify also raised the prospect of seeking a stay of the litigation in light of the Cree IPR and its own forthcoming IPR Petitions.  *See* Exhibit 9 (11/8/22 Dorsky Letter).

30. The parties met and conferred on November 15, 2022.  The parties could not reach agreement regarding the Infringement Contentions or Signify's request for a stay, but Signify's counsel again represented that Signify would comply with its PLR 3-3 and 3-4 disclosure obligations—specifically including the production of technical and other documents—by December 16, 2022.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed November 23, 2022 in Atlanta, Georgia.

                                              */s/ Jeffrey C. Morgan*
                                              Jeffrey C. Morgan