# EXHIBIT 4



227 W. MONROE STREET SUITE 1900 CHICAGO, IL 60606
T 312.820.3400 F 312.820.3401 www.Venable.com

August 2, 2022

**T 202.721.5435**
**F 202.344.8300**
JMDorsky@Venable.com

**VIA E-MAIL**

Jeffrey C. Morgan, Esq.
Roya Rahmanpour, Esq.
Barnes & Thornburg LLP
2029 Century Park East, Suite 300
Los Angeles, CA 90067
roya.rahmanpour@btlaw.com

Re: *CAO Lighting, Inc. v. Signify N.V. et al.*, No. 2:21-CV-8972-AB-SP (C.D. Cal.)

Dear Jeffrey and Roya,

This letter sets forth our understanding of the parties' positions as to the issues identified in Ms. Rahmanpour's letter of July 22, 2022 ("July 22 letter"), and my letter of July 25, 2022 ("July 25 letter"), and as further discussed during the telephonic meet and confer which took place on July 29, 2022 ("meet and confer"), concerning Signify North America Corporation's ("Signify NoAC") objections and responses to Plaintiff CAO Lighting, Inc's ("CAO") First Set of Requests for Production of Documents (Nos. 1-19) ("CAO's First RFPs"), and First Set of Interrogatories (Nos. 1-3) ("CAO's First ROGs") (collectively, "CAO's Discovery Requests"), and CAO's objections and responses to Signify NoAC's First Set of Requests for Production (Nos. 1-89) ("Signify NoAC's First RFPs"). If you believe any characterization below is inaccurate, please promptly let us know.

## I. CAO's Issues with Signify NoAC's Objections and Responses

### A. Discovery Directed to Purported "Accused" Products

As stated in my July 25 letter, and as further discussed during the meet and confer, Signify NoAC objects to any attempt by CAO to seek discovery concerning purported "Accused Products" (including subdivisions thereof, such as "Accused Lamp Products" and "Accused Luminaire Products" as those terms are used in CAO's Discovery Requests) until CAO has made its specific identification of Accused Instrumentalities in compliance with N.D. Cal. LPR 3-1. Signify's position is well supported by the N.D. Cal. Patent Local Rules themselves, as well as the legal authority cited in Signify NoAC's discovery responses and in my July 25 letter. *See, e.g.*, N.D. Cal. P.L.R. 3-1(a)-(c), 3-4(a); *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 WL 4479305, at *2-3 (N.D. Cal. Sept. 26, 2011) ("The [N.D. Cal.] Patent Local Rules, however, placed the burden of specifically identifying all accused devices on the accuser. Even if it would have been easy for [the defendant] to compile an accurate list of all the devices [the plaintiff] considered to be Android devices, Rule 3-1(b) required [the plaintiff] to provide such a list in its disclosure of





infringement contentions."); *Broadcom corp. v. Emulex Corp.*, No. 09-01058-JVS (ANx), 2010 WL 11465322, at *1-2 (C.D. Cal. June 30, 2010) (explaining that "[N.D. Cal. Local Patent] Rule 3-1 infringement contentions generally come before discovery in order to avoid 'fishing expeditions,'" and stating that "[t]he Court rejects [the plaintiff's] contention that it is entitled to wide-ranging discovery on products for which it has yet to put forth any discernible theory of infringement."); *Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim.") (emphasis in original).[1]

We understand that, despite our identification of directly pertinent rules and legal authority (including the case law cited above), you believe that Signify NoAC has not identified any authority supporting its position, and during the meet and confer you characterized the exemplary case law we cited as "dicta." We disagree with this statement and characterization, and we note that CAO has failed to identify *any* legal authority supporting its apparent belief that it can demand discovery into Signify NoAC's entire product portfolio before properly accusing a single product in the manner required under N.D. Cal. PLR 3-1. In any case, we stand by our objection. As stated in my letter, Signify NoAC will provide relevant discovery in compliance with Rule 26 and N.D. Cal. PLR 3-4(a) at the time and in the manner specified in those rules.

During the meet and confer, you also asked whether Signify NoAC intended to withhold non-technical discovery concerning "Accused Products" (i.e., discovery that does not fall within the scope of N.D. Cal. PLR 3-4(a)) after CAO has served infringement contentions in compliance with N.D. Cal. PLR 3-1, i.e., until the December 9, 2022 deadline for Signify NoAC to comply with PLR 3-4 (see Dkt. 60). It is not our intention to do so. Once CAO has served PLR 3-1 compliant infringement contentions that properly identify and accuse any Accused Instrumentalities, and reserving all rights with respect to that identification, Signify NoAC intends to conduct a reasonable search for documents responsive to CAO's Discovery Requests as indicated in its objections and responses to those Discovery Requests. For any such responsive non-technical documents that do not fall within the scope of PLR 3-4(a), Signify NoAC will not purposefully withhold the production of such documents until the December 9, 2022 deadline for compliance with PLR 3-4(a).

---

[1] During the meet and confer, CAO repeatedly characterized Signify NoAC's position as denying "all" discovery until CAO serves its infringement contentions. This characterization is false, and was corrected numerous times by Signify NoAC. For example, as set forth in my letter and noted several times during the meet and confer, Signify NoAC has not raised its premature objection to CAO's RFP Nos. 18-19, which (unlike CAO's other discovery requests) do not improperly seek discovery on products that have not been properly accused with the requisite particularity.





At the end of the discussion, we asked whether CAO intended to bring this issue before the Court, and noted that if that is CAO's intention, we would like CAO's final position on the deficiencies identified in my letter, so that all issues could be brought to the Court's attention at the same time, noting that the Court took issue with piecemeal presentation of discovery disputes during the *Feit* litigation. You stated that CAO has not made that decision at this time. To the extent that CAO decides to bring this issue before the Court, we ask that CAO first provide its final position on the deficiencies identified in my letter as requested.

**B. CAO's Position Regarding So-Called "Boilerplate Objections"**

During the meet and confer, you stated that you could not discern from Signify NoAC's responses to CAO's First RFPs what documents and information that Signify NoAC intended to withhold, and what documents and information it intended to produce. In response, we explained that it was unclear why CAO objects to the language used in Signify NoAC's responses, as CAO used substantially the same language in its own responses to Signify NoAC's First RFPs. We provided an example of such a response during the meet and confer (CAO's response to Signify NoAC's RFP No. 2), to which you acknowledged that CAO's response "could be better." We also offered to walk through all of CAO's responses to Signify NoAC's 89 RFPs to further demonstrate that, if there is any alleged deficiency, it is far more severe with respect to CAO's responses. For example, CAO's responses to at least the following Signify NoAC RFPs include similar statements without any "specific identification" of documents or information being withheld or produced: RFP Nos. 4, 5, 6, 7, 8, 11, 14, 15, 16, 17, 18, 21, 22, 23, 24, 25, 26, 27, 28, 30, 31, 33, 35, 36, 39, 41, 47, 62, 63, 64, 65, 66, 68, 71, 72, 74, 75, 76, 77, 79, 80, 82, 83, 85, 86, 88, and 89. We further proposed that the parties move forward with discovery, and if either party believes that documents are being withheld in a manner not clearly articulated in the responses, the parties have a further meet and confer to determine whether any documents are in fact being withheld.

In response, you declined this offer, and instead attempted to identify one of CAO's responses to Signify NoAC's First RFPs that you felt demonstrated a proper identification—in particular, CAO's response to RFP No. 3. Notably, this response by CAO is the subject of my July 25 letter, and was identified as being deficient for improperly narrowing the scope of the request. *See* July 25 letter at 11. This issue is discussed in more detail below. You did not identify any other responses to Signify NoAC's First RFPs during the meet and confer that you felt demonstrated a proper identification, or explain how CAO's other responses were not also deficient in view of your objection.

In any event, the parties agreed to go back and look at their respective discovery responses. It remains unclear to us how CAO believes this issue should be addressed, including in its own





responses to Signify NoAC's First RFPs. If CAO has a specific proposal in this regard, please let us know.

**C. CAO's Request for "Accused" Product Samples**

As discussed during the meet and confer, Signify NoAC has objected to CAO's RFP No. 16, seeking the Signify NoAC's production of two samples of twenty (20) vaguely-defined product categories for numerous reasons, including because: (a) any discovery concerning purportedly "accused" products is premature and improper at this time under the N.D. Cal. Patent Local Rules, (b) RFP No. 16 fails to identify a single product, and instead seeks to force Signify NoAC to search for unspecified products that may or may not fall within vaguely-identified general product categories, and then perform an economic analysis to determine "the[ir] highest net revenue of sales in the United States from November 2015 through August 2021," and (c) to the extent that CAO is seeking to have Signify NoAC purchase products (and in view of the large number of accused products identified in related cases), CAO has failed to advance any legal basis for requiring Signify NoAC to bear the significant cost to purchase or otherwise obtain such products.

Because the issue largely related to Signify NoAC's premature objection to "Accused Product" discovery at this time, the discussion on this issue was brief. However, we understand based on statements you made on the call that CAO is not seeking to have Signify NoAC purchase or obtain any products, and instead is seeking to have Signify NoAC produce samples to the extent that it already has such samples in its possession that are available for production in this litigation.

In any event, as stated above, after CAO properly identifies the Accused Instrumentalities with its Infringement Contentions, and reserving all rights with respect to that identification, Signify NoAC will comply with N.D. Cal. PLR 3-4(a). To the extent Signify NoAC determines, following CAO's identification of Accused Instrumentalities, that it is in possession of responsive product samples that can be made available for inspection in this litigation, Signify NoAC will not unreasonably withhold inspection of such samples. However, Signify NoAC expressly reserves the right to object to this Request at that time, including to the extent that CAO attempts to accuse a significantly large number of products that would make compliance with this Request unreasonable and/or unduly burdensome.

* * *





**II. Signify NoAC's Issues with CAO's Objections and Responses[2]**

**A. CAO's Refusal to Produce Relevant Information in Response to RFPs**

Based on our discussion during the meet and confer, we understand CAO's position on Signify NoAC's RFP Nos. 1, 10, 19, 20, 29, 45, 46, 48, 49, 51, 52, 53, 56, 57, 58, 59, 60, 61, 73, and 81 to be as follows:

- RFP Nos. 1, 19, 20 and 73

These RFPs are directed to, *e.g.*, documents and information considered or relied on in preparation of the Complaint, and relating to, *e.g.*, any pre-suit investigation, any alleged notice to Signify NoAC, and any other infringement analysis. During the meet and confer, your stated position was that any documents responsive to these RFPs were "likely privileged," and therefore CAO should not have to respond to them. You asked for what CAO might have that is non-privileged and responsive. In response, we said if CAO has determined that all responsive documents are necessarily privileged, then CAO should so state in its response. We further noted that while we could not know what documents CAO does or does not have, there were numerous documents responsive to these requests that cannot be considered privileged, including, *e.g.*, the asserted patent itself, and the correspondence between Dr. Cao and Philips/Signify described in the Amended Complaint (*see*, *e.g.*, Dkt. 44 at ¶¶ 48-54).[3] You did not explain how these exemplary documents could be considered privileged, or how they would fall outside the scope of these requests. In any event, we understand based on our discussion that CAO agreed to reconsider its position as to these RFPs. We look forward to receiving CAO's position by the end of this week, as discussed.

- RFP No. 10

This RFP is directed to e.g., publications, papers and presentations that were authored by, contributed to, or given to CAO and/or its purported inventor related to the subject matter of the Asserted Patent or Related Patents. During the meet and confer, your stated position was that the scope of this RFP was unclear due to the language "or Related Patents" in the request. We noted that the term "Related Patents" was expressly defined in Signify NoAC's First RFPs as all patents "that are

[2] In the statements below, any summaries of Signify NoAC's First RFPs should not be construed as an offer or proposal to limit or narrow the full scope of such RFPs unless expressly stated.

[3] These examples that we provided during the meet and confer were offered solely to demonstrate why CAO's position is flawed, and are not intended to (and do not) alter the full scope of these RFPs.





cross-referenced in the Patent-in-Suit as being related or that are related to the Patent-in-Suit in any way." Despite this express definition, you thought that the request may implicate other, unrelated patents. We offered to remove the "or Related Patents" language to resolve this purported issue, and we understand that CAO agreed to reconsider its position as to this RFP in view of our proposal. We look forward to receiving CAO's position by the end of this week, as discussed.

- RFP Nos. 29

This RFP seeks production of at least one sample of each "CAO Lighting Covered Product," which is defined in Signify NoAC's First RFPs as "any product designed, developed, manufactured, offered for sale, or sold by or on behalf of Plaintiff or the Inventor(s) that You contend is covered by any claim of the Asserted Patent." During the meet and confer, you stated that CAO's product supply may be "depleted" and that you "might" be able to provide us with one sample of one CAO Lighting Covered Product, but did not understand why we would require more than that. In response, we explained that, unlike the products CAO intends to accuse of infringement, these are products that CAO itself voluntarily put at issue by relying on them affirmatively in, *e.g.*, its Complaint and in the Rule 26(f) Report. As we explained, the identification and production of such products is plainly relevant to the claims and defenses at issue in this litigation, including to the extent that CAO intends to seek lost profits damages, and also to the issue of marking. We further explained that we cannot know which CAO products that CAO believes practice the '961 Patent, and that it is CAO's burden to do so. We asked you to confirm that CAO would not attempt to rely on any purported CAO Lighting Covered Products that it did not produce in this litigation, and you declined to do so. We understand that CAO agreed to reconsider its position as to this RFP in view of our discussion. We look forward to receiving CAO's position by the end of this week, as discussed.

- RFP Nos. 45, 46, 48, 49, 50, 51, 52, 53, 56, 57, 58, 59, 60, 61

These RFPs are directed to, *e.g.*, certain documents, disclosures and transcripts exchanged in the related litigations (i.e., CAO's prior and pending lawsuits against other defendants involving the same asserted patent).[4] During the meet and confer, you agreed to produce the invalidity contentions that were served in related litigations, but you refused to produce any other documents, claiming that the requests were too broad, and that the documents sought were not relevant and too burdensome to produce. In response, we explained how all of the requested documents were relevant, including, *e.g.*, claim construction materials (which are directly relevant to CAO's

[4] While RFP No. 50 was inadvertently omitted from my July 25 letter, it relates to the same issue, and improperly narrows the scope of the information sought from related litigations.





position on the meaning and scope of the claims), expert reports concerning invalidity (which are directly relevant to the issue of invalidity), contentions and expert reports concerning infringement (which are directly relevant to CAO's position on the meaning and scope of the claims, and whether it is taking inconsistent positions across litigations), Dr. Cao's transcripts (which are directly relevant to all issues in this litigation), as well as the other documents sought. You noted that many of documents sought likely contain third-party confidential information, but we noted that CAO's proposed Protective Order (that you circulated on July 21, 2022) already contains provisions for resolving any third-party confidentiality issues, and therefore that was not a legitimate basis for denying discovery. At the end of this discussion, you offered to reconsider CAO's response to these RFPs and propose a list of documents from the related litigations that CAO would be willing to produce in this litigation. We look forward to receiving CAO's proposal by the end of this week, as discussed.

- RFP No. 81

RFP 81 seeks documents and communications provided to any one for purposes of funding this or related litigations, including documents and things exchanged between CAO and Burford Capital Ltd. (identified in CAO's Notice of Interested Parties). This information is relevant at least because representations CAO made to its litigation funder in order to secure funding bear on the meaning and scope of the '961 patent, and any alleged infringement and/or validity issues. Furthermore, litigation funding documents "are relevant to assessing the value of the disputed patent[] in suit." *Preservation Techs. LLC v. MindGeek USA, Inc.*, No. 2:17-cv-08906-DOC-JPR, 2020 WL 10965161, at *6-7 (C.D. Cal. Dec. 18, 2020) (citing *Impact Engine, Inc. v. Google LLC*, No. 19-cv-1301-CAB-DEB, 2020 U.S. Dist. LEXIS 145636, at *4-5 (S.D. Cal. Aug. 12, 2020) ("Indeed, courts have generally ruled that litigation funding agreements and related documents are relevant and discoverable in patent litigation.")). During the meet and confer, we explained that RFP No. 81 went to, *e.g.*, non-privileged documents and information concerning representations made by CAO in order to secure litigation funding in this action. We specifically noted that with this RFP we were not attempting to seek documents that are protected by attorney-client privilege or work-product immunity. We understand that CAO agreed to reconsider its position as to this RFP in view of our discussion. We look forward to receiving CAO's position by the end of this week, as discussed.

**B. CAO's Improper Narrowing of Signify NoAC's RFPs**

During the meet and confer, CAO confirmed that it would not limit its search and production efforts to only those documents produced in the related litigations, including in view of CAO's responses to any Signify RFPs indicating that responsive documents will include those previously produced "in the litigations captioned *CAO Lighting, Inc. v. GE Lighting, Inc. et al.*, C.A. No. 20-





681-MN (D. Del.), *CAO Lighting, Inc. v. OSRAM Sylvania, Inc. et al.*, C.A. No. 20-690-MN (D. Del.), and *CAO Lighting, Inc. v. Feit Electric Company, Inc.*, CV 20-04926-AB (C.D. Cal.)." *See generally* CAO's responses to Signify NoAC's First RFPs. We understand that CAO will produce all of the documents that it previously produced in the related litigations, and will conduct additional searches to ensure that all non-privileged documents responsive to Signify NoAC's First RFPs are produced.

Furthermore, based on our discussion during the meet and confer, we understand CAO's position on Signify NoAC's RFP Nos. 3, 9, 32 and 37 to be as follows:

- RFP No. 3

This RFP seeks documents in CAO's possession, custody or control relating to "the Asserted Patent or the Related Patents." During the meet and confer, we explained that CAO is improperly narrowing the scope of the request by refusing to produce documents except for those falling within 8 narrow categories that CAO unilaterally identified. We further explained that, to the extent that CAO objects to this request due to use of the term "Related Patents," we would agree to remove that language if CAO agrees to remove its attempt to narrow the remainder of the request. In response, you said that even if the request is limited to just the Asserted Patent, it is still too broad on its face. We noted that CAO served the exact same request on Signify NoAC (CAO RFP No. 18), and that this is a common request that seeks plainly relevant information. It is CAO's obligation to search for and produce non-privileged documents responsive to the request as stated. We also made clear that if CAO refuses to do so, we intend to seek relief from the Court. Further, if CAO believes that, in response to this and other requests, CAO is already agreeing to search for and produce all non-privileged, responsive documents, it should so state in its response. We understand that CAO agreed to reconsider its position as to this RFP in view of our discussion. We look forward to receiving CAO's position by the end of this week, as discussed.

- RFP No. 9

This RFP seeks documents in CAO's possession, custody or control "identified at any time by or to Plaintiff as potentially or allegedly invalidating Prior Art to, or otherwise Relevant to the patentability or enforceability of the Asserted Patent or Related Patents." In its response, CAO states that it will only produce prior art "that has been identified to Plaintiff," including "all prior art produced to Defendants in the [related] litigations." We explained during the meet and confer that this response improperly narrows the full scope of the request, and that CAO must also search for and produce all prior art known to it (including, e.g., prior art identified during prosecution of the '961 Patent), not just prior art identified by other defendants. In response, you stated that CAO





will produce all known prior art responsive to this request, and that it would not withhold any such prior art.

- RFP No. 32

Signify NoAC's RFP No. 32 seeks documents relating to "policies, strategies, and/or business plans for any CAO Lighting Covered Product." In its response, CAO states that it will only produce documents sufficient to show the manner in which such products "were sold or offered for sale." During the meet and confer, we explained that CAO's response improperly narrowed the scope of the request, and that CAO should agree to also produce any "policies, strategies, and/or business plans for any CAO Lighting Covered Product" as requested. In response, you stated that there may have been an interpretation issue concerning this request, that CAO will reconsider its position as to this RFP in view of our discussion, and that it expected to search for and produce documents responsive to the categories identified in the RFP. We look forward to receiving CAO's position by the end of this week, as discussed.

- RFP No. 37

Signify NoAC's RFP No. 37 seeks documents and communications concerning CAO's "refusal to license the Asserted Patent to any person or entity." In its response, CAO states that it will only produce "documents that constitute executed license agreements for the Asserted Patent." We explained during the meet and confer that CAO's response improperly narrows the request in a manner that directly contradicts the request itself, which seeks documents and communications concerning any refusal to license (not executed licenses, which are sought in other requests). We understand that CAO agreed to reconsider its position as to this RFP in view of our discussion. We look forward to receiving CAO's position by the end of this week, as discussed.

**C. CAO's Confidentiality Objections**

During the meet and confer, we asked whether CAO was withholding (or intended to withhold) the production of any documents or information on the basis that it contains information that a third party has designated as confidential. We understand based on our discussion that CAO is not withholding, and will not withhold, any documents or information based on third party confidentiality, and will comply with the provisions of the Protective Order to be entered with respect to such information. We understand this to be the case despite any indication to the contrary in CAO's responses to the RFPs discussed herein, as well as any RFP to which CAO initially indicated in its response may implicate third-party confidentiality, or that CAO would only produce documents "that are not subject to a Court Order or third-party agreement limiting its distribution." *See, e.g.*, CAO's Responses to Signify NoAC RFP Nos. 3, 14, 36, 38, 39, 42, 43,





44, 45, 46, 48, 49, 51, 52, 53, 56, 57, 58, 59, 60, 61, 69, 71, 73. We further understand that CAO has not taken any steps yet to inform any third parties that their confidential information is implicated by Signify NoAC's First RFPs because the Protective Order has not been entered in this case yet, but that it will do so once entered, to the extent applicable to any discovery request now or later served.

* * *

At the end of the meet and confer, the parties agreed to provide their positions in writing as to the topics discussed by the end of this week (i.e., by Friday, August 5, 2022). We also understand that neither party will move forward with seeking to file a Joint Stipulation pursuant to Local Rule 37-2 until both parties have provided their final positions. We look forward to receiving CAO's positions by August 5.

Sincerely,

*/s/ Jason M. Dorsky*

Jason M. Dorsky

cc: Counsel of Record